IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN HANLON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17 C 1161 |
| ) | |
| CITIMORTGAGE INC., CITIBANK, ) | |
| INC., and CT LIEN SOLUTIONS, ) | |
| ) | |
| Defendant. ) | |

## ORDER GRANTING CT LIEN SOLUTIONS' MOTION TO DISMISS

John Hanlon sued CitiMortgage Inc., Citibank, N.A., and CT Lien Solutions. He has since voluntarily dismissed CitiMortgage and Citibank, leaving only CT Lien, which has filed a motion to dismiss. The Court needs to discuss the allegations against all of the originally-named defendants in order to describe how Hanlon claims CT Lien fits in.

Hanlon owns a home in a Chicago suburb. In 2007, he obtained a mortgage loan from CitiMortgage, secured by the home. In February 2011, the loan was "purportedly assigned" from Mortgage Electronic Registration Systems as nominee for CitiMortgage to CitiMortgage itself. Compl. ¶ 33. This apparently was a preclude to CitMortgage's filing of a mortgage foreclosure suit against Hanlon in March 2011. *Id.* ¶ 34.

Hanlon alleges that before filing the foreclosure suit, CitiMortgage did not make a reasonable effort to contact him or review his loan for loss mitigation as required by federal law and a consent judgment in another lawsuit. *Id.* ¶ 35. He also alleges that from October 2012 to December 2014, CitiMortgage billed him for unreasonable and unnecessary "inspection fees." *Id.* ¶ 36. He also alleges that on December 9, 2016, an individual named Laura Jones, who Hanlon says is an employee of CitiMortgage, "prepared a document purported to be an assignment purportedly granting, selling, assigned [sic], transferred [sic] and transferring Hanlon's loan" to US Bank as trustee for a pool of loans. *Id.* ¶ 37. Hanlon alleges that the same day, "CT Lien Solutions had the document recorded with the Cook County Recorder's Office . . . ." *Id.* ¶ 38. The

assignment, Hanlon alleges, "was false and deceptive because for a loan to be properly assigned to US Bank, it must go from CitiMortgage, to the Depositor of the Trust, and then to US Bank." *Id.* ¶ 39. The assignment, he alleges "is missing the endorsement to the Depositor of the Trust." *Id.* ¶ 40. The complaint contains no allegations regarding how, if at all, this assignment fits in with the foreclosure case or whether it led to any further collection activity.

Hanlon filed a five-count complaint. In Count 1, he alleges that CitiMortgage and CT Lien violated the Fair Debt Collection Practices Act (FDCPA). In Count 2, he alleges that CitiMortgage and Citibank violated the Racketeer Influenced and Corrupt Organizations Act. In Count 3, he alleges that CitiMortgage and CT Lien violated the Illinois Consumer Fraud Act (ICFA) based on deceptive conduct. In Count 4, he alleges that CitiMortgage violated the Illinois Collection Agency Act. And in Count 5, he alleges that CitiMortgage violated the ICFA based on unfair conduct.

All three defendants filed motion to dismiss. Hanlon voluntarily dismissed his claims against CitiMortgage and Citibank, leaving only CT Lien. In considering CT Lien's motion to dismiss, the Court takes Hanlon's factual allegations as true and draws reasonable inferences in his favor.

Hanlon has failed to state a claim against CT Lien under the FDCPA. That statute requires the plaintiff to show that the defendant was a debt collector, *see Nwoke v. Countrywide Home Loans, Inc.*, 251 F. App'x 363, 364-65 (7th Cir. 2007); 15 U.S.C. § 1692a(6), and that it committed some form of prohibited conduct in the course of collecting a debt. Hanlon alleges neither of these elements with regard to CT Lien (as distinguished from CitiMortgage). He does not allege that CT Lien is in the business of collecting debts or that it had any involvement in collecting his debt. Rather, all he alleges that CT Lien did was record a lien. This is insufficient to state a claim, particularly because the complaint does not connect the recording of the lien—let alone CT Lien itself—to any collection activity.

Hanlon has also failed to state a claim against CT Lien under the ICFA. There are two types of ICFA claims, those based on deceptive conduct and those based on unfair conduct. *See* 815 ILCS 505/2; *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 416-17, 775 N.E.2d 951, 960 (2002); *Bywater v. Wells Fargo Bank*, No. 13 C 4415,

2014 WL 1256103, at *2 (N.D. Ill. Mar. 24, 2014) (Kennelly, J.). Hanlon specifically identifies his ICFA claim against CT Lien, Count 3, as a claim based on deceptive conduct. This means that Count 3 must meet the heightened pleading standards of Federal Rule of Civil Procedure 9(b), which requires a plaintiff to plead with particularity "the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). But Hanlon does not allege CT Lien's involvement in the preparation of the allegedly false assignment; he attributes that only to CitiMortgage. All he alleges that CT Lien did was record the assignment. The complaint includes no allegations describing how or why CT Lien's recording of a document that it did not prepare constitutes deceptive conduct under the ICFA. The Court also notes that Hanlon does not allege, as required for a ICFA claim based on deception, that CT Lien intended him to rely on the allegedly deceptive assignment, or that he was damaged by it. *See Cozzi Iron and Metal, Inc. v. U.S. Ofc. Equip., Inc.*, 250 F.3d 570, 576 (7th Cir. 2001) (listing elements of ICFA claim based on deceptive conduct).

For these reasons, the Court grants CT Lien's motion to dismiss and dismisses Hanlon's claims against CT Lien (Counts 1 and 3) for failure to state a claim. Unless Hanlon files, by no later than 9/5/2017, an amended complaint that states at least one viable federal claim against CT Lien, the Court will enter judgment against him. The case is set for a status hearing on 9/7/2017 at 9:30 a.m. The status hearing set for 8/15/2017 is vacated.

Date: 8/14/2017

_____
MATTHEW F. KENNELLY
United States District Judge